UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAUSTO ACOSTA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-3085

Honorable Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.22.) In an order entered on October 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on November 4, 2026, (ECF No. 4.)

## II. Factual Background

Petitioner is a citizen of Honduras. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 4-1, PageID.66.) On October 20, 2024, Petitioner applied for admission into the United States at the Brownsville, Texas Port of Entry. (*Id.*) At that time, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging him with inadmissibility pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) for being "an immigrant who, at the time of application for admission, is not in possession of [valid immigration and travel documents]." (*Id.*, PageID.66–69) DHS then paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5). (Most Recent Form I-94, ECF No. 4-2, PageID.71 (indicating that Petitioner's "Class of Admission" is "DT"[1]).)

On October 15, 2026, ICE agents arrested Petitioner. (Warrant for Arrest, ECF No. 4-3, PageID.73.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

[1] *See* United States Citizenship and Immigration Services Guidance Website, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies (under "Non-Categorical Parole" heading, select "What does 'Non-Categorical Parole' mean?") ("Aliens who are outside of the United States may request to be paroled into the United States based on urgent humanitarian reasons or a significant public benefit. These aliens are not paroled into the United States under a categorical parole program or process. Often, the Class of Admission (COA) for these aliens is 'DT' though other parole related COAs may have been used.").

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

### A. Statutory and Regulatory Basis for Petitioner's Parole and Detention

Here, Petitioner entered the United States at a port of entry and was subsequently paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). The INA "establishes the framework governing noncitizens' entry into and removal from the United States, with regulations promulgated by the enforcing agencies providing further governance." *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1132 (D. Or. 2025). "Noncitizens who arrive at a port of entry without a visa or other entry document, like Petitioner, are deemed 'inadmissible' under 8 U.S.C. § 1182(a)(7)" due to their lack of entry documents. *Id.* at 1132 & n.7 (noting that "[d]epending on the circumstances, other categories of inadmissibility may also apply, but § 1182(a)(7) applies for noncitizens without proper documentation"). Once a noncitizen is deemed inadmissible, "the immigration officer must order the noncitizen's removal unless the noncitizen indicates an intention to apply for asylum or fear of persecution." *Id.* at 1132 & n.8 (citing 8 U.S.C. § 1225(b)(1)(A)(i)). The government may place the noncitizen into expedited removal proceedings, *see* 8 U.S.C. § 1225(b)(1), or the government may place the noncitizen into regular removal proceedings under 8 U.S.C. § 1229(a). *See Y-Z-L-H*, 792 F. Supp. 3d at 1132–33 (citing 8 U.S.C. § 1225(b)(2)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). However, "applicants for admission may be temporarily released on parole [into the United States] 'for urgent humanitarian reasons or significant public benefit,'" as set forth in 8 U.S.C. § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583

U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). The decision to grant parole pursuant to 8 U.S.C. § 1182(d)(5)(A) is determined "on a case-by-case basis." 8 U.S.C. § 1182(d)(5)(A). Then, "when the purpose of the parole has been served," § 1182(d)(5)(A) provides that "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Jennings*, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

To terminate the previously granted parole, the agency must comply with the applicable regulatory and statutory requirements. As set forth in 8 C.F.R. § 212.5(e)(2)(i), which governs the "[t]ermination of parole,"

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.

8 C.F.R. § 212.5(e)(2)(i).

Paragraph (e)(1) provides for the automatic termination of parole without written notice where the noncitizen has either departed from the United States or at the expiration of time for which the parole was authorized. The parties have not suggested that Petitioner departed from the United States. Additionally, there is no indication before the Court that Petitioner's parole expired prior to his arrest. With their response, Respondents submitted a Most Recent I-94 with an "Admit Until Date" of April 24, 2026. (2026 Most Recent Form I-94, ECF No. 4-2, PageID.71.) When DHS terminates a noncitizen's parole, it will update the information on the Form I-94. *See* United States Citizenship and Immigration Services Guidance Website, https://www.uscis.gov/save/current-user-agencies/guidance/faqs-on-the-effect-of-changes-to-parole-and-temporary-protected-status-tps-for-save-agencies (under "Non-Categorical Parole" heading, select "Is DHS

revising the parolee's Form I-94, Arrival/Departure Record, Admit Until Date if parole is terminated early?") ("Yes. If DHS terminates an alien's parole before the expiration date of the parole period, DHS will update the Form I-94, Arrival/Departure Record to reflect the new parole termination date."). Therefore, the Most Recent Form I-94 does not establish that the automatic expiration date of Petitioner's parole was April 24, 2026, and there is nothing before the Court to indicate that Petitioner's parole automatically expired prior to the time of Petitioner's arrest.

Therefore, "[u]nder the governing regulation, [§ 1182(d)(5)(A)] parole may be terminated only if the purpose of parole is accomplished, or humanitarian reasons and the public benefit no longer warrant parole." *Loaiza Arias v. LaRose*, No. 3:25-cv-02595-BTM-MMP, 2025 WL 3295385, at *3 (S.D. Cal. Nov. 25, 2025) (citing 8 C.F.R. § 212.5(e)). As explained below, the Court concludes that Respondents have failed to follow the applicable statutory and regulatory provisions to terminate Petitioner's parole at the time of his arrest. *Cf. Coal. for Humane Immigrant Rts. v. Noem*, No. 25-cv-872 (JMC), 2025 WL 2192986, at *2 (D.D.C. Aug. 1, 2025) (holding that the government failed to follow the applicable statutory and regulatory provisions and that paroled noncitizens cannot be subject to expedited removal proceedings); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294, at *5–7 (E.D. Mich. Oct. 29, 2025) (same); *E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 2938594, at *10 (N.D. Ohio Oct. 16, 2025) (same).

First, based on the information before the Court, it does not appear that the purpose of Petitioner's parole has been accomplished. Petitioner left Honduras, seeking asylum in the United States, and Petitioner entered the United States at a port of entry. At that time, Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which provides for parole into the United States "for urgent humanitarian reasons or significant public benefit," 8 U.S.C. § 1182(d)(5)(A).

There is nothing before the Court to suggest that the humanitarian reason or public benefit that justified Petitioner's parole no longer applies.

Second, district courts that have addressed the termination of § 1182(d)(5)(A) parole "have found that just as a grant of parole requires an individualized review, revocation of parole requires a case-by-case assessment to comply with the statute." *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 146 (W.D.N.Y. 2025) (citations omitted) (addressing this issue, and granting the petitioner's motion for preliminary injunction and ordering that the petitioner be released); *see, e.g.*, *Y-Z-L-H*, 792 F. Supp. 3d at 1137–47 (addressing this issue, and granting the petitioner's habeas petition and ordering that the petitioner be released from custody); *Loaiza Arias*, 2025 WL 3295385, at *2–4 (same); *Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10–13 (S.D. Cal. Oct. 1, 2025) (same); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), --- F. Supp. 3d ----, 2025 WL 2630826, at *14–17 (S.D.N.Y. Sept. 12, 2025) (same); *Gabriel B.M. v. Bondi*, No. 25-cv-4298 (KMM/EMB), 2025 WL 3443584, at *6–7 (D. Minn. Dec. 1, 2025) (addressing this issue, and granting the petitioner's request for a preliminary injunction and ordering the petitioner's release from custody); *Orellana v. Francis*, No. 25-cv-04212 (OEM), 2025 WL 2822640, at *2–3 (E.D.N.Y. Oct. 3, 2025) (addressing the issue in the context of a motion for reconsideration filed by the respondents, and affirming the court's grant of habeas relief to the petitioner and the court's order to release the petitioner).[2] The Court holds the same here, for the reasons contained in those opinions.

---

[2] *But see Doe v. Noem*, 152 F.4th 272, 278–79, 285 (1st Cir. 2025) (reversing district court's grant of preliminary relief and vacating district court's stay of the termination notice for previously granted parole because "Plaintiffs ha[d] not demonstrated a strong likelihood of success in showing that under the statute, the Secretary must terminate these grants of parole under the [parole] program[s] on an individual basis"). The Court finds that *Doe v. Noem* is distinguishable from the present case for the same reasons the Court found it distinguishable in *Caceres Martinez v. Raycraft*, No. 1:26-cv-547, 2026 WL 621359, at *5 n.3 (W.D. Mich. Mar. 5, 2026); *Nazari v.*

Here, there is no indication in the record before the Court that any such case-by-case determination regarding the revocation of Petitioner's parole was made.

In summary, as explained above, based on the information that is presently before the Court, there is no indication that Respondents followed the applicable statutory and regulatory requirements to revoke or terminate Petitioner's parole. If Respondents did not follow those requirements, then they did not have the authority to arrest and detain Petitioner, "unless there [wa]s some other valid reason to arrest him." *Mata Velasquez*, 794 F. Supp. 3d at 145; *cf. Norfolk S. Ry. Co. v. U.S. Dep't of Lab.*, No. 21-3369, 2022 WL 17369438, at *6 (6th Cir. Dec. 2, 2022) (discussing that "an agency's action that fails to observe the procedures required by its own regulations should be set aside" (citation omitted)); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) ("It is an elemental principle of administrative law that agencies are bound to follow their own regulations[,] . . . [and] '[a]n agency's failure to follow its own regulations tends to cause unjust discrimination and deny adequate notice and consequently may result in a violation of an individual's constitutional right to due process.'" (additional internal quotation marks omitted) (quoting *Sameena, Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998))). Respondents do not claim that they had any reason to arrest and detain Petitioner other than his status as a noncitizen. Indeed, Respondents argue that *any noncitizen*, regardless of whether they are already present and residing in the United States, is "an alien seeking admission" subject to mandatory detention under § 1225. As set forth in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th

*Raycraft*, No. 1:26-cv-540, 2026 WL 607704, at *5 n.2 (W.D. Mich. Mar. 4, 2026); *Delgado Vilchez v. Warden, North Lake Corr. Facility*, No. 1:26-cv-216, 2026 WL 570449, at *4 n.2 (W.D. Mich. Mar. 2, 2026); *Ramirez Gonzalez v. Dep't of Homeland Sec.*, No. 1:26-cv-373, 2026 WL 547955, at *5 n.6 (W.D. Mich. Feb. 27, 2026).

Cir. 2026), the United States Court of Appeals for the Sixth Circuit, this Court, and other courts throughout the country have rejected this argument.[3]

Accordingly, for the reasons set forth above, the Court concludes that Respondents failed to follow the applicable statutory and regulatory requirements to revoke or terminate Petitioner's § 1182(d)(5)(A) parole.

**B. Fifth Amendment Due Process Considerations**

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may request hearings with an immigration judge, may request bond, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Caceres Martinez v. Raycraft*, No. 1:26-cv-547, 2026 WL 621359, at *7–8 (W.D. Mich. Mar. 5, 2026); *Nazari v. Raycraft*, No. 1:26-cv-540, 2026 WL 607704, at *7–8 (W.D. Mich. Mar. 4, 2026); *Delgado Vilchez v. Warden, North Lake Corr. Facility*, No. 1:26-cv-216, 2026 WL 570449, at *5–7 (W.D. Mich. Mar. 2, 2026); *Ramirez Gonzalez v. Dep't of Homeland Sec.*, No. 1:26-cv-373, 2026 WL 547955, at *7–8 (W.D. Mich. Feb. 27, 2026).

---

[3] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which was issued by the United States Court of Appeals for the Eighth Circuit. These non-binding cases do not change the Court's analysis.

## V. Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain all of the named federal Respondents. The Court will dismiss Michael Farmer, Jail Administrator of Calhoun County Correction Center, as a Respondent in this action.

## Conclusion

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from custody, subject to any conditions that existed under Petitioner's § 1182(d)(5)(A) parole. Additionally, the Court will enjoin Respondents from re-detaining Petitioner absent a material change in circumstances unless the requirements of due process have been satisfied. The Court will also order Respondents to file a status report within

three days of the issuance of the Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The Court will further dismiss Michael Farmer, Jail Administrator of Calhoun County Correction Center, as a Respondent in this action.

Dated: November 6, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE